# IN THE SUPREME COURT OF THE STATE OF NEVADA

DANIEL LEE PANCAKE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 71894

**FILED**

FEB 2 6 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of first-degree murder with the use of a deadly weapon. Second Judicial District Court, Washoe County; Elliott A. Sattler, Judge.

Following appellant Daniel Lee Pancake's indictment for murder with the use of a deadly weapon, questions about his competency arose and the district court ordered two rounds of competency evaluations. The district court reviewed all available medical reports and ultimately found Pancake competent to stand trial. Approximately five months after the competency determination Pancake pleaded guilty. At his sentencing hearing, Pancake orally moved to withdraw his guilty plea based on claims that his plea was coerced by his counsel and that he was innocent "in a sense" of the murder. When Pancake failed to elaborate on these allegations, the district court stated that his claims were belied by the record, declined to grant Pancake's oral motion, and sentenced him. Pancake now appeals, arguing that (1) the district court's competency determination was not supported by substantial evidence, and (2) the district court abused its discretion by refusing to allow him to withdraw his

SUPREME COURT
OF
NEVADA

(0) 1947A

18-07359

guilty plea prior to sentencing and by not holding an evidentiary hearing on the matter.[1]

## DISCUSSION

*Competency to stand trial*

Pancake first argues that the district court abused its discretion by finding him competent to stand trial prior to entering his guilty plea.[2] "A district court's determination of competency after a competency evaluation is a question of fact that is entitled to deference on review. Such a determination will not be overturned if it is supported by substantial evidence." *Calvin v. State*, 122 Nev. 1178, 1182, 147 P.3d 1097, 1099 (2006) (footnote omitted). Here, the district court made its competency determination after reviewing reports from three different psychologists. Of those three psychologists, Dr. Pearson and Dr. Bissett found Pancake competent to stand trial and noted that Pancake was a malingerer.[3] Conversely, Dr. Piasecki determined that Pancake was not competent to stand trial based on his mental delays, impaired abilities, functional

---

[1]The parties know the facts of this case and we restate them here only as necessary for analysis.

[2]The State argues that Pancake's guilty plea, and the district courts finding that Pancake was competent to enter that plea, waived any issues regarding the earlier finding of competency to stand trial. We decline to consider this argument.

[3]"Malingering is the intentional production of false or grossly exaggerated symptoms, motivated by external incentives." Nancy Haydt, *Intellectual Disability: A Digest of Complex Concepts in Atkins Proceedings*, 38-FEB Champion 44 (2014). Dr. Pearson and Dr. Bissett originally found Pancake incompetent to stand trial but, upon suspicion that Pancake was feigning mental deficits, both doctors reexamined Pancake, reversed position, and determined that Pancake was competent.

confusion, and inability to appreciate the potential outcomes of the case. However, Dr. Piasecki stated that there was suspicion of malingering, which she did not test for, and questions about Pancake's efforts during examinations. Following Dr. Piasecki's findings, Dr. Bissett also completed a supplemental report explaining that he believed Dr. Piasecki's testing was insufficient and that Dr. Piasecki misunderstood the testing process for malingering.

"When there is conflicting psychiatric testimony at a competency hearing, the trier of fact resolves the conflicting testimony of the witnesses." *Ogden v. State*, 96 Nev. 697, 698, 615 P.2d 251, 252 (1980). Moreover, this court does not reverse a district court's factual findings unless the finding are not supported by substantial evidence, which is evidence that "a reasonable mind might consider adequate to support a conclusion." *Steese v. State*, 114 Nev. 479, 488, 960 P.2d 321, 327 (1998). Here, two of the three psychologists that opined as to Pancake's competency found Pancake competent to stand trial. Moreover, the differences in testing and the results of the outlier doctor were reasonably rebutted. We therefore conclude that substantial evidence, entitled to deference, supports the district court's finding that Pancake was competent to stand trial.

*Competency to enter a guilty plea*

We further conclude that substantial evidence supports the district court's finding that Pancake was competent when he entered his guilty plea. The United States Supreme Court has held that the competency standard for pleading guilty is the same as the competency standard for standing trial. *Godinez v. Moran*, 509 U.S. 389, 391 (1993); *accord Riker v. State*, 111 Nev. 1316, 1324, 905 P.2d 706, 711 (1995). The standard "is whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and a rational

as well as factual understanding of the proceedings against him." *Riker*, 111 Nev. at 1325, 905 P.2d at 711 (internal quotation marks committed).

Approximately five months after Pancake was found competent to stand trial, he pleaded guilty. During his plea canvassing, the district court stated that due to earlier questions concerning Pancake's competency, the court had to be comfortable that Pancake was currently competent before it would accept his plea. In response, Pancake stated that he was comfortable moving forward. The district court also asked Pancake's counsel if he had any concerns about Pancake's ability to understand the proceedings or enter a guilty plea. Defense counsel stated that he had met with Pancake several times before the plea canvass and that he "didn't see any problems." Defense counsel also stated that he had spoken with his expert and that the expert felt Pancake was "competent to go forward at this time."

A review of the transcript also indicates that Pancake answered all plea canvassing questions rationally and coherently. Additionally, at Pancake's sentencing hearing, the district court stated it had "no reason to believe that he was not competent when he entered his plea." In sum, statements by Pancake's counsel, the district court, and Pancake himself demonstrate that Pancake had the opportunity to consult counsel and understood the proceedings against him. We therefore conclude that Pancake was competent when he pleaded.

*Oral motion at sentencing to withdraw the guilty plea*

Lastly, Pancake argues that the district court abused its discretion by not allowing him to withdraw his guilty plea at sentencing and by failing to hold an evidentiary hearing on the matter. NRS 176.165 permits a criminal defendant to move to withdraw a guilty plea prior to sentencing. "[T]he district court must consider the totality of the

circumstances to determine whether permitting withdrawal of a guilty plea before sentencing would be fair and just." *Stevenson v. State*, 131 Nev., Adv. Op. 61, 354 P.3d 1277, 1281 (2015). Pancake asserts that his plea was coerced by counsel and that alone presented a fair and just reason for the district court to grant his oral motion to withdraw his guilty plea. We disagree.

When appealing the denial of a motion to withdraw a guilty plea, "this court 'will presume that the lower court correctly assessed the validity of the plea, and we will not reverse the lower court's determination absent a clear showing of an abuse of discretion.'" *Riker*, 111 Nev. at 1322, 905 P.2d at 710 (quoting *Bryant v. State*, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986). Additionally, "the district court may decline to conduct an evidentiary hearing if it finds that the defendant's claim is belied by the record." *Little v. Warden*, 117 Nev. 845, 852, 34 P.3d 540, 544-45 (2001); *Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984).

At sentencing, Pancake made an oral motion to withdraw his guilty plea. The crux of Pancake's argument is that he was coerced into pleading guilty by his counsel and that he was "not guilty . . . in a sense" for killing his wife because she was having an incestuous relationship with his son. The district court specifically asked Pancake to elaborate on his allegations, particularly that of coercion. However, Pancake would not explain, instead stating he would "go into that at some other occasion." When the district court pressed Pancake to elaborate, he failed to specify what his counsel allegedly did to coerce him into involuntarily entering a guilty plea or how his counsel failed to argue a viable defense. We therefore conclude that the district court did not abuse its discretion in denying Pancake's oral motion to withdraw his guilty plea, and declining to hold an

evidentiary hearing on the matter, as the record utterly belies his allegations of coercion and ineffective counsel. Accordingly, we ORDER the judgment of conviction AFFIRMED.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc:    Hon. Elliott A. Sattler, District Judge
Law Office of Thomas L. Qualls, Ltd.
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk